UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL STEFAN PRIME,<br><br>　　　　　　　　　Defendant. | No.  CR01-310L<br><br>ORDER ON RE-SENTENCING |

　　　This matter comes before the Court on a limited remand of the Ninth Circuit Court of Appeals pursuant to <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005) (en banc). <u>United States v. Prime</u>, 431 F.3d 1147 (9th Cir. 2005).  In accordance with the limited remand procedures adopted in <u>United States v. Ameline</u>, each party was invited to file a supplemental memorandum (Dkt. # 302).  The Court has received and reviewed memoranda from defendant (Dkt. # 307) and the government (Dkt. # 309).

　　　In the supplemental pleadings, the parties were asked to advance sentencing arguments that were previously barred or deemed "not ordinarily relevant" under the pre-<u>Booker</u> guideline analysis.  See <u>United States v. Booker</u>, 543 U.S. 220 (2005).   Counsel were reminded that the question at this point is not whether the defendant *should have* received a different sentence.  Rather, the question is whether under an advisory guidelines

ORDER ON RE-SENTENCING　　　　　　　　　- 1 -

regime, the defendant *would have* received a different sentence, and whether that difference would have been *material*.

Michael Stefan Prime was convicted of one count of conspiracy to commit wire fraud, one count of conspiracy to manufacture counterfeit securities, and three counts of manufacturing, possessing, and uttering counterfeit securities, in violation of, respectively, 18 U.S.C. § § 1343, 371, and 513(a).  Prime's pre-sentence report indicated a criminal history category of IV, and a base offense level of 24, which yielded a sentencing range of between 77 and 96 months.  The government sought an upward departure to a criminal history category of V based on the fact that Prime's criminal history score did not reflect several juvenile convictions.  The defense sought a downward departure, arguing that Prime's sentence was inappropriately enhanced based on his role in the crime.  The Court rejected both arguments, and then sentenced Prime to 85 months imprisonment, the middle of the guidelines range.

Defendant argues in his memorandum in support of re-sentencing that the mandatory nature of the guidelines at Prime's sentencing prevented the Court from giving adequate consideration to a number of mitigatory sentencing factors.  See 18 U.S.C. 3553(a).  Specifically, counsel for defendant argues that "Mr. Prime's age and his physical, mental and emotional conditions were largely irrelevant."  Memorandum at 4.  The memorandum also notes significant discrepancies between Mr. Prime's sentence and those of his co-defendants.

Finally, defendant argues that a number of the enhancements were not proven beyond a reasonable doubt, such as the use of mass marketing and obstruction of justice.  Had the Court required this standard, defendant could have presented evidence to contradict those findings.  A new sentencing hearing would provide defendant with that opportunity.

These arguments are unavailing.  During the trial and sentencing proceedings, defense counsel had opportunities to present, and the Court had opportunities to observe, the factors relevant to the sentencing considerations enumerated in 18 U.S.C. 3553(a).  The fact that the

1  Court chose to sentence defendant in the middle of the range indicates that the Court would
2  not have sentenced the defendant substantially differently under an advisory guidelines
3  regime.  Similarly, the Court's determination that the defendant was an organizer of the
4  conspiracy justifies the defendant's more lengthy sentence as compared to his co-
5  conspirators.

6  The argument regarding the level of the proof of the sentencing factors is also
7  unavailing.  The remedial opinion in Booker rejected the idea of "engrafting" a jury trial
8  requirement onto the existing sentencing guidelines, and instead resolved the constitutional
9  issue by rendering them advisory.  Booker, 543 U.S. at 246.  These factors do not require
10 proof beyond a reasonable doubt post-Booker.

11 The Court has considered the arguments and concludes that under an advisory
12 guidelines regime, Prime's sentence would not have been materially different.  For this
13 reason, IT IS HEREBY ORDERED that Prime's request for resentencing is DENIED.

15 DATED this 2nd day of March, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER ON RE-SENTENCING         - 3 -